BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
KELSEY A. STIMSON (Cal. Bar No. 360437)
CLIFFORD D. MPARE, JR. (Cal. Bar No. 337818)
Assistant United States Attorneys
Major Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-8230/4962
Facsimile: (213) 894-6269/0141
E-mail: Kelsey.Stimson@usdoj.gov
Clifford.Mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH RAY JOHNSON, III,

Defendant.

No. 5:24-cr-00023-MWF

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:** 10-14-2025
**PROPOSED TRIAL DATE:** **03-24-2026**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kelsey A. Stimson and Clifford D. Mpare, Jr., and Jaya C. Gupta, counsel of record for defendant Kenneth Ray Johnson, III ("defendant"), hereby stipulate as follows:

1. The Indictment in this case was filed on January 23, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 23, 2024.

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 3, 2024.

2. On February 23, 2024, the Court set a trial date of April 16, 2024. The Court has since continued the trial date from April 16, 2024, to October 14, 2025. (Dkt. Nos. 24, 28, 41.)

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately seven days.

4. By this stipulation, defense counsel moves to continue the trial date to March 24, 2026 and the status conference to March 9, 2026. This is the third request for a continuance.

5. Defense counsel requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of 18 U.S.C. §§ 1111, 7(3), first degree murder within the special maritime and territorial jurisdiction of the United States. The government has produced discovery to the defense.

b. Due to the nature of the prosecution, including the charges in the indictment, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

c. In or about July 2025, defense counsel Anne O'Toole's representation of defendant ended.

d. Defense counsel Jaya C. Gupta has the trial conflicts set forth in the attached Exhibit A. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

e. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f. At the September 10, 2025 status conference, the Court inquired of defendant and counsel in open court regarding defendant's Speedy Trial Act rights and defense counsel's request for a continuance of trial from October 14, 2025, to March 24, 2026. The Court granted the requested continuance over the defendant's objection for the reasons stated on the record and directed the parties to file a stipulation. (See Dkt. No. 51 (Criminal Minutes).)

g. The government does not object to the continuance.

h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 14, 2025 to March 24, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay

results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 15, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Acting Assistant United States Attorney
Chief, Criminal Division

/s/
KELSEY A. STIMSON
CLIFFORD D. MPARE, JR.
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/s/ Jaya Gupta
JAYA C. GUPTA
Attorney for Defendant
Kenneth Ray Johnson, III

September 16, 2025
DATE

EXHIBIT A

**DECLARATION OF JAYA C. GUPTA**

I, Jaya C. Gupta, declare as follows:

I am representing defendant KENNETH RAY JOHNSON, III, who was charged in *United States v. Johnson*, Case No. 5:24-cr-23-MWF. I make this declaration in support of the defense motion to continue the trial date from October 14, 2025, to March 24, 2026. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

I have the following trial conflicts:

i. United States v. Melvin Gilbert Thomas, No. 2:25-cr-00028-MWF (C.D. Cal.), a felon in possession case in which the Federal Public Defender's Office is advisory counsel. Trial is currently scheduled for October 21, 2025.

ii. United States v. Alejandro Alvarez, No. 25-cr-96-JAK (C.D. Cal.), a single defendant felon in possession and theft of mail case. Trial is currently scheduled for November 18, 2025.

iii. United States v. John Rivers, No. 25-cr-11-JLS (C.D. Cal.), a single defendant case charging possession of methamphetamine with intent to distribute and a violation of § 924(c), and alleging that a death resulted. Trial is currently set for December 2, 2025.

iv. United States v. Anthony Fidis, No. 23-cr-163-JVS (C.D. Cal.), single-defendant felon in possession case. Trial is currently set for December 9, 2025.

v. United States v. Miguel Lopez, No. 24-cr-00014-ODW (C.D. Cal.), a single-defendant possession with intent to distribute fentanyl case. Trial is currently set for December 27, 2025.

vi. United States v. Jesus Soto Parada, No. 24-cr-00093-DMG (C.D. Cal.), a complex, multi-defendant, multi-count Hobbs Act robbery and conspiracy case. Trial is currently scheduled for January 27, 2026.

vii. United States v. Victor Aguilar Mendoza, No. 25-cr-00567-SRM (C.D. Cal.), an illegal re-entry case. Trial is currently scheduled for January 27, 2026.

viii. United States v. Joshua Williams et al., No. 25-cr-00017-JVS (C.D. Cal.), a complex, 34 count, multi-defendant conspiracy to commit bank fraud, bank fraud, aggravated identity theft case. Trial is currently set for February 3, 2026.

ix. United States v. Leopoldo Garcia-Miranda, No. 2:25-cr-00265-CV (C.D. Cal.), a possession with intent to distribute fentanyl case. Trial is currently set for February 17, 2026.

x. United State v. Keith Callum, No. 2:25-cr-00356-AH (C.D. Cal.), a felon in possession of a firearm case. Trial is currently set for February 24, 2026.

Accordingly, I believe that I will not have the time that I believe is necessary to prepare to try this case on the current trial date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on September 16, 2025.

/s/ Jaya Gupta

JAYA C. GUPTA